Moe **GOLDSMITH** and **Blanche Goldsmith, Plaintiffs,**

v.

**Lawrence G. RAWL, et al., Defendants,**

**and**

**Exxon Corporation, Nominal Defendant.**

**No. 89 Civ. 3990 (JES).**

United States District Court, S.D. New York.

Jan. 29, 1991.

Cohen, Shapiro, Polisher, Shiekman and Cohen (Judah I. Labovitz, Frances M. Visco, of counsel), Philadelphia, Pa., for plaintiffs.

Sullivan & Cromwell (William E. Willis, James H. Carter, Edward R. Gallion, Charles S. Sullivan, Kenneth M. Bialo, Robert D. Rippe, Jr., Law Dept., Exxon Corp., of counsel), New York City, for nominal defendant Exxon Corp.

Davis Polk & Wardwell (Henry L. King, Frank S. Moseley, Thomas P. Ogden, Cari S. Robinson, of counsel), New York City, for Nonmanagement Directors.

Shearman & Sterling (John E. Hoffman, Jr., Henry Weisburg, Lynette Kelly, of counsel), New York City, for Management Directors.

Satterlee Stephens Burke & Burke (Mark A. Fowler, Robert M. Callagy, New York City, Baker & Botts, Houston, Tex., of counsel), for defendant William Stevens.

---

Anderson Kill Olick & Oshinsky, P.C. (Mark L. Weyman, John H. Doyle III, New York City, Fisher, Gallagher, Perrin & Lewis, Houston, Tex., of counsel), for defendant Frank Iarossi.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

All defendants in the above-captioned action move for partial summary judgment dismissing counts I and II of plaintiffs' complaint. At Oral Argument of this motion on December 6, 1990 the Court reserved decision as to whether defendants are entitled to judgment as a matter of law dismissing plaintiffs' claims that the failure to disclose pending shareholder litigations arising out of the 1989 grounding of the *Exxon Valdez* and the creation of an independent litigation committee to investigate those claims in proxy materials sent to shareholders in April 1989 or the failure to amend those proxy materials to reflect that information prior to the shareholders meeting violated section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a) (1988), and Rule 14a–9 promulgated thereunder, 17 C.F.R. § 240.14a–9 (1990). For the reasons that follow, the motion is denied.

## DISCUSSION

In order to be liable under section 14(a) and Rule 14a–9, the defendants must have omitted a material fact from the proxy statement which renders the proxy statement false or misleading. "An omitted [or concealed] fact is material if there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote." *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449, 96 S.Ct. 2126, 2132, 48 L.Ed.2d 757 (1976). Moreover, if a reasonable shareholder would have viewed disclosure of an omitted fact "as having significantly altered the 'total mix' of information made available" then the fact is material. *Id.* Furthermore, the

Second Circuit has recently stated: "Because materiality is a mixed question of law and fact, it is a question especially well suited for jury determination and summary judgment may be granted only when reasonable minds could not differ on the issue." *Mendell v. Greenberg*, Nos. 89–7718, –7760, slip op. at 15, 1990 WL 166726 (2d Cir. Nov. 1, 1990).

Tested by these precepts, the Court cannot say that the alleged nondisclosures are not material as a matter of law. While it is true that there is no requirement to disclose each and every allegation of management misconduct or breaches of fiduciary duty, including those set forth in pending civil litigation, *see* 17 C.F.R. §§ 229.401, 240.14a–101; *see also Field v. Trump*, 850 F.2d 938, 948 (2d Cir.1988), *cert. denied*, 489 U.S. 1012, 109 S.Ct. 1122, 103 L.Ed.2d 185 (1989); *United States v. Matthews*, 787 F.2d 38, 48 (2d Cir.1986); *Weisberg v. Coastal States Gas Corp.*, 609 F.2d 650, 655 (2d Cir.1979), *cert. denied*, 445 U.S. 951, 100 S.Ct. 1600, 63 L.Ed.2d 786 (1980); *Maldonado v. Flynn*, 597 F.2d 789, 796 (2d Cir.1979), where, as here, the company has taken the extraordinary step of setting up an independent litigation committee to look into such charges, a new factor has been added to the "factual mix" which supports the conclusion that the complaint should not be dismissed as a matter of law at this stage of the proceedings. This is especially true since the Court must take into account the context in which the alleged nondisclosures occurred, *i.e.*, in connection with a corporate proposal to provide substantial financial benefits to current management.

*GAF Corp. v. Heyman*, 724 F.2d 727 (2d Cir.1983), is not to the contrary. That case held only that, on the unique facts presented there, information that an insurgent candidate for directorship of the GAF Corporation was being sued by his sister for breaching his fiduciary duty in the management of her business affairs was not material and the failure to disclose that information did not therefore violate Rule 14a–9.[1]

1. The court's holding was based upon the following factors: (1) the family lawsuit was stayed; (2) the lawsuit had no connection to GAF; (3) the lawsuit did not involve violations of the securities laws; (4) the lawsuit was nothing more than an "intra-family feud" and the

*See id.* at 743. Indeed, the court expressly stated that "we do not mean to suggest that pending litigation against a director-nominee based on state law and involving a family or other non-public business can never be material," but that "actions of that nature are less likely to be matters of importance to public shareholders." *Id.* at 740. Moreover, the court was also careful to note that mere compliance with SEC regulations regarding disclosure is not, in itself, dispositive of whether that disclosure complies with Rule 14a–9. *See id.* at 739.

This case differs from *GAF* because the allegations of misconduct here are directly related not only to Exxon's business but also to the substantive matters to be addressed at the meetings for which proxies were solicited. Moreover, as noted above, Exxon deemed the allegations sufficiently serious to warrant the appointment of an independent litigation committee. Accordingly, the motion for summary judgment is denied.[2]

### CONCLUSION

For the reasons set forth above and at Oral Argument, the motion for partial summary judgment is denied. The action shall be stayed until July 31, 1991 while the independent litigation committee investigates the allegations asserted against the defendants. A Pre–Trial Conference shall be held on July 26, 1991 at 10:30 A.M. in Courtroom 129.

IT IS SO ORDERED.

allegations were retracted when the family members agreed to a settlement; (5) the allegations in the complaint were unrelated to the issues in the proxy contest; (6) the incumbent board had not alleged the omission of the lawsuit as a material fact in its complaint, even after it was aware of it; (7) GAF had failed to disclose that members of the incumbent board had been sued in shareholder litigations; and (8) the burden that a rule requiring disclosure of all allegations in civil litigation unrelated to the business of the subject corporation would impose upon both sides in a proxy contest. *See GAF Corp., supra,* 724 F.2d at 740–43.

2. The argument that the complaint should be dismissed because the formation of the independent litigation committee was disclosed in the media raises issues of fact as to the adequacy of that disclosure, which are inappropriate for resolution on a motion for summary judgment.